**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Seth Snyder Bondurant,

       Plaintiff,

    v.

Michael J. Astrue,
Commissioner of Social Security,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-328 ADM/AJB

_____

Fay E. Fishman, Esq., Peterson & Fishman, Minneapolis, MN, on behalf of Plaintiff.

Lonnie F. Bryan, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of
Defendant.

_____

## I.  INTRODUCTION

Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner")

denied Plaintiff Seth Snyder Bondurant's ("Bondurant") application for social security income

based on disability.  The matter is now before the undersigned United States District Judge for

consideration of Bondurant's Objections [Docket No. 17] to Magistrate Judge Arthur J. Boylan's

Report and Recommendation ("R&R") [Docket No. 16], which recommends denying

Bondurant's Motion for Summary Judgment [Docket No. 8] and granting Defendant's Motion

for Summary Judgment [Docket No. 10].  For the reasons stated below, Bondurant's Objections

are overruled and the R&R is adopted.  The procedural and factual background, described in the

R&R, is incorporated by reference.

## II.  DISCUSSION

### A.    Standard of Review

A district court must make an independent, de novo review of those portions of an R&R

to which a party objects and "may accept, reject, or modify, in whole or part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn.

LR 72.2(b).

The Commissioner's decision to deny social security benefits must be affirmed if it

conforms to the law and is supported by substantial evidence in the record as a whole.  42 U.S.C.

§ 405(g); Qualls v. Apfel, 158 F.3d 425, 427 (8th Cir. 1998).  "Substantial evidence is less than a

preponderance, but is enough that a reasonable mind would find it adequate to support the

Commissioner's conclusion."  Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000).  The

reviewing court must consider both evidence that supports the Commissioner's decision and

evidence that detracts from it, and the reviewing court must uphold the Commissioner's decision

if it is supported by substantial evidence, even when substantial evidence exists in the record that

would have supported a contrary decision or when the reviewing court would have reached a

different conclusion.  Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001).

### B.    Bondurant's Objections

Bondurant raises five arguments in his Objections to Judge Boylan's R&R.  He identifies

as error the conclusions that (1) reliance on post hoc rationalizations is permissible when

reviewing a social security claim; (2) the Administrative Law Judge's ("ALJ") determination

that Bondurant's depression does not rise to the level of severe impairment, although erroneous,

is harmless error; (3) substantial evidence supports the ALJ's credibility determination regarding

Bondurant's subjective complaints; (4) substantial evidence supports the ALJ's rejection of the

opinion of Bondurant's treating physician, Dr. Saccoman, in favor of the opinions of non-

treating sources; and (5) substantial evidence supports the ALJ's decision that Bondurant is able

to do his past work and other work.

### 1.       Post Hoc Rationalizations

Bondurant argues that Judge Boylan erred in relying on post hoc rationalizations to

affirm the ALJ's decision.  Although he does not specify in his Objections exactly what the post

hoc rationalizations are, based on the briefing before Judge Boylan, it appears that Bondurant

claims the following evidence to be post hoc rationalizations in support of the ALJ's decision to

give limited weight to Dr. Saccoman's opinion: (1) Bondurant's statements regarding his daily

activities, (2) his previous employment while having the same impairments, and (3) his failure to

seek medical treatment between 2005 and 2007.  See Pl.'s Reply Mem. in Supp. of Mot. for

Summ. J. [Docket No. 13] at 4; Def.'s Mem. in Supp. of Mot. for Summ. J. [Docket No. 11] at

19-21.

In HealthEast Bethesda Lutheran Hospital & Rehabilitation Center v. Shalala, the Eighth

Circuit explained that the rule prohibiting a court from affirming an agency's decision on the

basis of reasons not articulated by the agency itself in its decision applies when the agency "fails

to make a necessary determination of fact or policy."  164 F.3d 415, 418 (8th Cir. 1998).  The

instant case does not involve a failure on the part of the ALJ to make a necessary finding of fact

or policy.  To the contrary, the ALJ made an express finding of fact that Dr. Saccoman's opinion

was entitled to "little weight."  Admin. R. ("A.R.") [Docket No. 7] at 17-18.  The evidence that

Bondurant contends are post hoc rationalizations, although not expressly cited by the ALJ in the

section of the decision discussing the weight accorded to Dr. Saccoman's opinion, are part of the

administrative record and were considered by the ALJ.[1]  As Judge Boylan correctly noted,

judicial review of the ALJ's decision, including the ALJ's finding regarding the weight accorded

to Dr. Saccoman's opinion, requires consideration of the record as a whole.  See Prosch, 201

F.3d at 1012 (holding that a court's role in reviewing the Commissioner's decision on an

application for social security income is to determine whether the findings are "supported by

substantial evidence on the record as a whole").  Bondurant's argument that Judge Boylan

engaged in post hoc rationalizations to affirm the ALJ's decision is without merit.

> **2.      Harmless Error**

The ALJ evaluated Bondurant's claim according to the five-step sequential analysis

prescribed by social security regulations.  See 20 C.F.R. §§ 404.1520(a)-(f).[2]  Judge Boylan

concluded that the ALJ erred at the second step—whether Bondurant's conditions amount to a

"severe impairment"—because the ALJ considered Bondurant's depression apart from his other

impairments, rather than considering the combined effect of all the impairments as required by

20 C.F.R. §§ 404.1523, 416.923.  R&R at 16-17; Cunningham v. Apfel, 222 F.3d 496, 501 (8th

---

[1] The ALJ's decision states that he "considered all symptoms and the extent to which
these symptoms can reasonably be accepted as consistent with the objective medical evidence
and other evidence, based on the requirements of 20 C.F.R. § 404.1529," which specifically
refers to statements by a claimant regarding medical history, daily activities, efforts to work, and
any other evidence showing how a claimant's condition affects his ability to work. A.R. at 14.

[2] The five-step sequential analysis is as follows: (1) whether the claimant is presently
engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that
significantly limits the claimant's physical or mental ability to perform basic work activities; (3)
whether the claimant has an impairment that meets or equals a presumptively disabling
impairment listed in the regulations; (4) whether the claimant has the residual functional capacity
to perform his or her past relevant work; and (5) if the claimant cannot perform the past work,
the burden shifts to the Commissioner to prove that there are other jobs in the national economy
that the claimant can perform. See Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

Cir. 2000) ("[T]he Social Security Act requires the Commissioner to consider the combined

effect of all impairments without regard to whether any such impairment, if considered

separately, would be of sufficient medical severity to be disabling."). Judge Boylan concluded

this error was harmless. R&R at 17.

Bondurant argues that Judge Boylan erred because the ALJ's assessment of residual

functioning capacity "gave no consideration to the vocational impact of the mental impairments"

and, thus, could not have been harmless error. Objections at 5. The Court disagrees. In a case

involving an ALJ who also allegedly failed to consider a claimant's other impairments in

determining whether the claimant's depression was a "severe" impairment, it was held that "any

error would be harmless because if Plaintiff makes a threshold showing of *any* 'severe'

impairment, the ALJ continues with the sequential evaluation process and considers all

impairments, *both severe and nonsevere*." Singleton v. Astrue, C/A No. 9:08-1892-CMC-BM,

2009 WL 1942191, at *3 (D.S.C. July 2, 2009) (citing 20 C.F.R. § 404.1523); see also Carpenter

v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error [by failing to adhere to the

mandate of 20 C.F.R. § 404.1523] became harmless when the ALJ reached the proper conclusion

that [the plaintiff] could not be denied benefits conclusively at step two and proceeded to the

next step of the evaluation sequence."); Mariarz v. Sec'y of Health & Human Servs., 837 F.2d

240, 244 (6th Cir. 1987) (holding that an ALJ's failure to find a particular impairment to be

severe was harmless error when other impairments were deemed severe). Contrary to

Bondurant's argument, the ALJ's decision shows that he did consider Bondurant's mental health

issues. For example, the ALJ noted Bondurant's claims of being unable to concentrate and

maintain his attention due to the depression, and he mentioned Bondurant's use of "relaxation

techniques to keep a happy mindset." See A.R. at 15-17.

### 3.      Credibility of Bondurant's Subjective Complaints

Bondurant next objects to Judge Boylan's conclusion that substantial evidence supports

the ALJ's credibility determination regarding Bondurant's subjective complaints.  The

credibility of a claimant's subjective complaints "is primarily for the ALJ to decide, not the

courts."  Moore v. Astrue, 572 F.3d 520, 524 (8th Cir. 2009).  In assessing a claimant's

credibility, the ALJ must consider: (1) the claimant's daily activities; (2) the duration, frequency,

and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and

side effects of medication; (5) any functional restrictions; (6) the claimant's work history; and

(7) the absence of objective medical evidence to support the claimant's complaints.  Polaski v.

Heckler , 739 F.2d 1320, 1322 (8th Cir. 1984), vacated on other grounds, Bowen v. Polaski, 476

U.S. 1167 (1986); Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008).  An ALJ who rejects

subjective complaints must make an express credibility determination explaining the reasons for

discrediting the complaints, but the ALJ need not explicitly discuss each factor.  Moore, 572

F.3d at 524 (quotation omitted).

There is no requirement that an ALJ specifically cite Polaski.  See Holley, 253 F.3d at

1093.  In addition, the ALJ did cite 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p,

which largely mirror the language in Polaski.  See Randolph v. Barnhart, 386 F.3d 835, 842 (8th

Cir. 2004).  And while the ALJ may not have listed the factors with the exact labels noted above,

it is apparent from the analysis that the appropriate factors were considered.  The ALJ covered

the seventh factor; he thoroughly discussed the medical evidence—specifically mentioning a

2003 MRI and the evaluations by Dr. Cuevas, the State Agency Medical Consultants, Dr.

Espeland, nurse practioner Korbitz, Dr. Saccoman, and Dr. Rubinfeld—and found that "[t]he

objective medical evidence does not demonstrate the existence of physical abnormalities [that]

can be expected to result in limitations beyond those set forth herein." A.R. at 15-18.  The ALJ

also covered the fourth factor, discussing the numerous improvements Bondurant exhibited in

2007 after his OxyContin dosage was changed and Bondurant's report of no side-effects from his

medications.  Id. at 16, 17.  The ALJ discussed the first factor as well, recounting Bondurant's

explanations of his daily activities to nurse practioner Korbitz and Dr. Saccoman.  Id.  Lastly, the

ALJ considered any "precipitating and aggravating factors" (factor three), and he evaluated

Bondurant's work history (factor six), explaining that Bondurant "has shown an ability to work

since 1995 or the onset of his condition." Id. at 18.

In short, the ALJ considered several of the relevant factors and identified sufficient

supporting evidence in the record.  Bondurant has identified evidence in the record that could

have supported a different determination by the ALJ.  But "even when it is possible to draw

inconsistent conclusions from the evidence, the Commissioner's decision must be affirmed."

See Nutter v. Barnhart, 271 F. Supp. 2d 1127, 1142 (S.D. Iowa 2003) (citing Osborne v.

Barnhart, 316 F.3d 809, 811-12 (8th Cir. 2003)).  Contrary to Bondurant's argument, just

because the ALJ declined to provide a discussion on particular pieces of evidence does not

demonstrate that he ignored that evidence and "cherrypicked" the record. Objections at 10-11;

see Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) (citing Montgomery v. Chater, 69 F.3d

273, 275 (8th Cir. 1995)).  Ultimately, it is not this Court's role to reweigh the evidence.

Baldwin v. Barnhart, 349 F.3d 549, 555 (8th Cir. 2003).  The ALJ's finding is supported by

substantial evidence.[3]

---

[3] Because the ALJ's credibility determination is supported by substantial evidence
probative of the relevant factors set forth in 20 C.F.R. § 404.1529, Social Security Ruling 96-7p,
and Polaski, the Court need not decide whether Bondurant's smoking, workers' compensation
settlement, and receipt of financial assistance were additional appropriate considerations.

### 4.        Weight of Treating Physician's Opinion

Bondurant objects to Judge Boylan's conclusion that substantial evidence supports the

ALJ's decision to give little weight to Dr. Saccoman's opinion.  A treating physician's opinion is

generally given controlling weight if it "is well-supported by medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in

the record.  20 C.F.R. § 404.1527(d)(2); see also Tindell v. Barnhart, 444 F.3d 1002, 1005 (8th

Cir. 2006).  But a treating source's opinion may be disregarded if the opinion is inconsistent with

other, substantial evidence in the record or "if other assessments are supported by better or more

thorough medical evidence."  Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001);

Rogers v. Chater, 118 F.3d 600, 602 (8th Cir. 1997).  Ultimately, the question of whether a

claimant is "disabled" is reserved for the Commissioner, and, therefore, a conclusion of

disability by a medical source—even a treating source—is of no special significance.  20 C.F.R.

§ 404.1527(e)(1), (3).

The ALJ did not reject Dr. Saccoman's opinion in its entirety.  Instead, the ALJ found

that Dr. Saccoman's opinion regarding the severity or extent of Bondurant's impairments (and

the relationship that had on work limitations) was not supported by objective medical evidence

and was inconsistent with other evidence.  A.R. at 17-18.  The Court agrees with Judge Boylan

that the ALJ's decision is supported by substantial evidence.  The regulations explain that in

weighing a medical opinion, the opinion will be given more weight the more it presents relevant

evidence to support the opinion, particularly medical signs and laboratory findings; the better the

explanation for the opinion; and the more the opinion is consistent with the record as a whole.

See 20 C.F.R. § 404.1527(d)(3), (4).  Dr. Saccoman's opinion is his responses to a six-page

questionnaire.  See A.R. at 312-316A.  Although Dr. Saccoman wrote the words, "weakness,

atrophy, fatigue muscle," in response to a question that asked him to "[i]dentify the clinical

findings and objective signs," Dr. Saccoman did not cite any specific laboratory findings or other medical evidence to support his opinion. Id. at 312. Nor does Dr. Saccoman offer an explanation for his opinion. Furthermore, as both the ALJ and Judge Boylan noted, Dr. Saccoman's opinion regarding the severity of Bondurant's impairments is inconsistent with other medical evidence in the record and evidence of Bondurant's work history and his current daily activities. Id. at 17-18; R&R at 26-27. Indeed, the record supports the ALJ's finding that Dr. Saccoman's opinion was based solely on Bondurant's complaints of pain given the conclusory nature of the opinion. See Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir. 1993) (concluding that a treating physician's conclusory opinion of disability was entitled to little weight when it was unsupported by objective medical evidence and instead "rested solely on [the claimant's] complaints of pain").

### 5.    Ability to Work

Finally, Bondurant objects to Judge Boylan's conclusion that substantial evidence supports the ALJ's finding that there are jobs that exist in significant numbers in the national economy that Bondurant can perform within his residual functioning capacity. Specifically, Bondurant contends that the finding is based on a vocational expert's testimony in response to the ALJ's "flawed hypothetical" that failed to "mirror the impairment and limitations of [Bondurant]." Pl.'s Mem. in Supp. of Mot. for Summ. J. [Docket No. 9] at 32; Objections at 14. The impairments and limitations that Bondurant argues were improperly omitted are his complaints of pain and the opinion of Dr. Saccoman.

"A hypothetical question is properly formulated if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ." Guilliams v. Barnhart, 393 F.3d 798, 804 (8th Cir. 2005) (quotation omitted). "Discredited complaints of pain, however, are properly excluded from a hypothetical question so long as the ALJ had reason to discredit them."

CASE 0:09-cv-00328-ADM-AJB   Document 20   Filed 03/08/10   Page 10 of 10

Id.  Similarly, a hypothetical properly omits a treating physician's opinion on a claimant's

impairments and limitations when substantial evidence supports the ALJ's determination that the

treating physicians's opinion is entitled to little weight.  See Rogers, 118 F.3d at 602.  Because,

as discussed above, substantial evidence supports the ALJ's rejection of Bondurant's subjective

complaints and his discounting of Dr. Saccoman's opinion, the hypothetical properly excluded

Bondurant's complaints and Dr. Saccoman's opinion.  Contra Singh v. Apfel, 222 F.3d 448, 453

(8th Cir. 2000) (holding that a hypothetical was flawed when it omitted an improperly rejected

opinion of a treating physician and improperly rejected subjective complaints of pain).

The ALJ considered all the evidence in the record and made a reasonable conclusion

based on all the evidence.  Judge Boylan did not err by concluding that substantial evidence

supports the ALJ's decision.

### III. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      Bondurant's Objections [Docket No. 17] are **OVERRULED**,

2.      The R&R [Docket No. 16] is **ADOPTED,**

3.      Bondurant's Motion for Summary Judgment [Docket No. 8] is **DENIED**, and

4.      Defendant's Motion for Summary Judgment [Docket No. 10] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


        s/Ann D. Montgomery        
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 8, 2010.